JOHN HENRY v. W. H. FORSHEE ET AL.

No. 3201.

1.  **Community Property — Heirs of the Wife.** — Land was acquired during coverture.  Subsequently the parties were divorced by a court having jurisdiction in the State of Tennessee.   The divorced wife died, and subsequent to her death the surviving husband incurred debts.   These debts were matured into judgment, and land sold under execution.  The purchaser sold to the appellant, against whom the heirs of the wife brought suit for one-half interest in the land.   Other than the recitals in the deed there was no evidence that the purchaser at the execution sale, or his vendee the plaintiff, paid a valuable consideration, or that they were ignorant of the condition of the title.    *Held*, under such facts the plaintiffs were entitled to recover their mother's half-interest in the land.

2.  **Decree of Divorce.**—The decree for divorce was competent, and was relevant in showing dissolution of the marriage before the debt was incurred under which the land was sold.

APPEAL from Delta.    Tried below before Hon. E. W. TERHUNE. The opinion states the case.

*Bennett & Homes* and *F. B. Sexton*, for appellant.—1.    The court erred in admitting in evidence the record of the Chancery Court of Davidson County, Tennessee, in the divorce case of Peacock v. Peacock.    1 Bish. on Mar. and Div., 6 ed., sec. 404; Story on Conflict of Laws, 9 ed., secs. 159, 186, 230; Castro v. Illies, 22 Texas, 502.

2.    "The legal title is in him, or the heirs of him, who is the grantee on the face of the conveyance."    The conclusion of law, upon the facts found by the court, should have been, that the legal title to the land in controversy being in Wilson N. Peacock at the date of the judgment rendered against him in the case of Walker & Crooks, Administrators, v. W. N. Peacock, said land was subject to judgment and execution for his debts, and that title to said land passed to a purchaser at a sale made under said judgment, and execution thereunder.    Pasch. Dig., art. 4642, which was in force when the judgment was rendered under

which the land was sold·to Mathison, the vendor of John Henry; Edwards and Wife v. Brown, 68 Texas, 331.

3. The court erred in its second finding or conclusion of law, in so far as said finding holds that the wife had an undivided interest in the land in suit, and that the same was not subject to the debt of the husband created by a note given by him in August, 1860, on which a judgment was rendered against him in 1868, and that the sheriff's deed (in evidence) did not convey her interest, if she had any, to Mathison. The conclusion of law, under the facts found by the court, should have been, that the legal title to the land in controversy appearing by the deed from George W. Cox to Wilson N. Peacock (acknowledged June 12, 1858, and recorded June 18, 1858), to be in Wilson N. Peacock (whether community property between himself and Martha C. Peacock being immaterial), it was subject to his debts, and judgment against him and execution and sale thereunder (which were found by the court to have taken place in June and July, 1868) passed the title to a purchaser at said sale. Pasch. Dig., arts. 4983–4994; Grace v. Wade, 45 Texas, 526.

No brief for the appellees reached the Reporter.

STAYTON, CHIEF JUSTICE.—Appellees sue to recover an undivided one-half of a tract of land claimed by appellant, and they claim through inheritance from their mother. The land was acquired during the marriage of the plaintiffs' father and mother, and in the absence of evidence showing to the contrary must be deemed to have been community property. Subsequently to the acquisition of the land the father and mother were divorced by decree of a court in the State of Tennessee, whose jurisdiction as to the matter and over the parties is not questioned. The mother died, and subsequently the father contracted a debt on which judgment was obtained against him, and under an execution issued thereon the land was sold to one Mathison, who subsequently conveyed that in controversy to appellant; but there was no evidence showing that either Mathison or appellant paid valuable consideration for the land other than the recitals in the deeds, nor was there any evidence that both of them did not have full notice of the rights of appellees when they bought.

Appellant objected to the introduction in evidence of a certified copy of the decree granting the divorce, for the following reasons:

1. Because a decree of divorce in a foreign State has and can have no extra-territorial effect. Of course, this is meant as applicable to real property.

2. Because the said decree does not dispose of, nor undertake to dispose of, and could not dispose of, any property belonging to either of the parties to said divorce suit in the State of Texas.

3.   Because said decree of divorce can have no effect (if that) except upon the parties personally, and hence is entirely immaterial and irrelevant in this suit.

The decree did not attempt to affect the title to the land, and was not offered for any such purpose, but to show the fact of the dissolution of the marriage relation theretofore existing between the parents, and for that purpose it was properly admitted, and as effective here as in the State in which it was rendered.   The evidence was relevant to show the dissolution of the marriage before the debt on which the judgment against the father was rendered was contracted, for the interest of the wife in the land was not subject to sale for such a debt.

There being no evidence to show that appellant or his vendor was an innocent purchaser, no judgment other than that entered could have been rendered, and the judgment must be affirmed.   It is so ordered.

*Affirmed.*

Delivered March 26, 1892.