## FRANKS v. FRANKS.

(Court of Civil Appeals of Texas. Austin.
May 31, 1911. Rehearing Denied
June 28, 1911.)

1. DIVORCE (§ 249*)—ALIMONY—LIABILITY OF WIFE.

Where a husband takes a stepchild to his home, where it lives as a member of the family, and is maintained by the joint efforts of the husband and wife, the law presumes that what he has done for the child has been done by reason of the voluntarily assumed relation of parent and child; and the court, granting the wife a divorce and awarding her alimony, properly declined to award the husband judgment against her for the support of the child during the marriage.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 701–712; Dec. Dig. § 249.*]

2. DIVORCE (§ 252*) — ALIMONY — COMMUNITY DEBTS.

Where the community estate of husband and wife is exempt from execution to pay community debts, the court, in awarding the wife a divorce and a half of the proceeds of the community estate, need not render a judgment for the husband for the amount of the community debts, which are unpaid.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 713–715; Dec. Dig. § 252.*]

Appeal from District Court, Fayette County; L. W. Moore, Judge.

Action by Fannie Franks against Henry Franks. From a judgment for plaintiff, defendant appeals. Affirmed.

John T. Duncan, for appellant. Edward H. Moss, for appellee.

RICE, J. This suit was brought by appellee against appellant for divorce and for partition of their community property, which consisted of a homestead, valued at about $300, and some household and kitchen furniture of small value. Divorce was granted appellee, and decree entered partitioning their community property in kind equally between them, except as to the homestead, which, appearing to be incapable of an equitable division, was ordered sold and the proceeds directed to be equally divided between them, after deducting therefrom an amount sufficient to satisfy an outstanding vendor's lien note against same.

There are but two questions raised by this appeal. The first is as to whether or not appellant had the right to charge his wife for the maintenance and support of her minor child by a former marriage; and the second, as to whether or not he should have been allowed judgment against appellee for one-half of the community debts outstanding against the community estate, which debts, however, he had not paid. The court refused to grant his right to such judgment in both instances, which rulings are made the basis of separate assignments of error.

[1] It appears, from the conclusions of fact found by the trial court, that when appellant and his wife were married she had a minor child, some eight years of age, which was taken into the home of appellant, and during the marriage lived with the plaintiff and defendant as one of the family, and was supported, maintained, clothed, and educated at the expense of the community estate of plaintiff and defendant. It is said in Am. & Eng. Ency. Law (2d Ed.) vol. 21, p. 1050, that: "A husband is not bound in law to provide for the child of his wife by a former husband, but if he receives such child into his home, and holds it out to the world as a member of his family, he stands to him in loco parentis, and incurs the same liability for his support as in the case of his own child. In such case there is no implied contract on the part of the stepchild to pay for its support, and the stepfather cannot, as against the child, charge or recover compensation therefor." The text is well supported by an array of American authorities, among which may be mentioned Smith v. Rogers, 24 Kan. 140, 36 Am. Rep. 254; Norton v. Ailor, Adm'r, 11 Lea (Tenn.) 563; Williams v. Hutchison, 5 Barb. (N. Y.) 122; Howard v. Randolph, 134 Ga. 691, 68 S. E. 586, 29 L. R. A. (N. S.) 294; Larsen v. Hansen, 74 Cal. 320, 16 Pac. 5; Mowbry v. Mowbry, 64 Ill. 383; Capek v. Kropik, 129 Ill. 509, 21 N. E. 836; Bradford v. Bodfish, 39 Iowa, 681; Mulhern v. McDavitt, 16 Gray (Mass.) 404; Eickhoff v. Sedalia R. R. Co., 106 Mo. App. 541, 80 S. W. 966; Schrimpf v. Settegast, 36 Tex. 296. In Schouler on Domestic Relations, p. 378, it is said that: "It is well settled that in the absence of statutes a person is not entitled to the custody and earnings of stepchildren, nor bound by law to maintain them. Yet if a stepfather voluntarily assumes the care and support of a stepchild, he stands in loco parentis, and the presumption is that they deal with each other as parent and child, and not as master and servant—in which case the ordinary rules of parent and child will be held to apply, and neither compensation for board is presumed on the one hand nor for services on the other." See, also, Hodge v. Hodge (Wash.) 11 L. R. A. (N. S.) 873, where the authorities bearing upon the principle under discussion are fully collated in a note. The note to said case (page 885, same volume) discusses the relation of stepparents and stepchildren. See, also, 2 Kent, 185 (192).

In the present case the appellant, after marriage with the mother, took the child into his own home, where it lived as a member of the family, was maintained and supported by the joint efforts of himself and wife, by reason of which, we think, he voluntarily assumed the relation of parent to said child; and therefore whatever he may have done for the child must be presumed to have been done on account of such relationship, without any expectation of subsequent payment therefor, and the law does not imply any obligation on the part of the

mother to reimburse him, for, which reason we think the trial court properly declined to award him judgment against the wife for the support and maintenance of the child during the marriage.

[2] With reference to the second question raised, the court found that there were outstanding community debts against the community estate, as claimed by appellant; but likewise found that all of the property belonging to the community estate was exempt under the Constitution and laws of the state from forced sale. And it further appears from the record that no part of said community indebtedness had been paid by the husband. We therefore believe that the court did not err in refusing to render judgment in favor of appellant for such amount, out of the proceeds of the sale of the homestead, as would pay off and satisfy said outstanding community debts. It is true these debts were chargeable against the community estate, but there was no property out of which said creditors could enforce their payment. Besides this, the husband, not having paid such debts, was not entitled, in any event, to reimbursement therefor. In Richey v. Hare, 41 Tex. 340, it is said: "The divorce could not have the effect to vest in the husband and wife the community estate to the prejudice of the creditors holding a debt against the community, *unless it was the homestead or other property exempt from the payment of debts.* A division of the property between the husband and wife was an incident to the divorce, and is authorized by statute, yet it must be done in subordination to the rights of creditors having claims on the community property and which would be liable for debts. If it is the homestead, it is not subject to forced sale, and a creditor could have no ground to complain that the court decreed the sale and distribution of the proceeds between the parties entitled to it." See, also, Kirkwood v. Domnau, 80 Tex. 645, 16 S. W. 428, 26 Am. St. Rep. 770; Gray et al. v. Thomas, 83 Tex. 246, 18 S. W. 721; Henry v. Forshee, 84 Tex. 185, 19 S. W. 381; R. S. art. 2980.

After a full consideration of the questions raised, we find no error in the judgment of the court below, and the same is therefore affirmed.

Affirmed.