## MANGUM et al. v. MANGUM.

### No. 11449.

Court of Civil Appeals of Texas. San Antonio.

Nov. 29, 1944.

Walter Stout and A. H. Lumpkin, both of San Antonio, for appellants.

Elmer Ware Stahl and A. R. Sohn, both of San Antonio, for appellee.

NORVELL, Justice.

This is a divorce case involving a property settlement. Judgment below was for the wife, Mary Mangum, the plaintiff. Defendants were Roland Mangum, the husband, and his father and mother G. W. Mangum and Emma Mangum. No assertion of error is made with reference to that part of the judgment which awards a divorce to Mary Mangum. Complaint is directed against the judgment in so far as it decreed that certain real property, standing of record in the name G. W. Mangum and Emma Mangum, was actually the community property of Roland and Mary Mangum.

The real property here involved is located at 725 Naylor Street in the City of San Antonio, and was conveyed by Guido Cordelli and wife, Minnie Cordelli, to G. W. Mangum and wife, Emma Mangum, by deed dated September 3, 1943, subject to a vendor's lien securing the payment of a note for $2,500.

It appears that $1,200 of the purchase price of the property was advanced by Olga Amberson, wife of Joe Amberson. This loan was evidenced by a promissory note executed by G. W. Mangum, Roland Mangum and another son of G. W. Mangum, named Eugene Mangum. It seems that an additional $50 figured in the purchase transaction, and there is dispute as to who actually advanced or paid this $50.

The jury found that title to the property was taken in the name of G. W. Mangum and Emma Mangum "for the purpose of defrauding Mary Mangum of her interest in the community property of herself and Roland Mangum." The jury also answered in the negative an inquiry as to whether or not G. W. Mangum had paid $50 of the purchase price for the property out of his personal funds.

These answers of the jury have support in the evidence. Roland and Mary Mangum were living in the house as tenants of the Cordellis prior to the time of the execution of the deed mentioned. When informed that the landlord intended to sell, Roland Mangum entered into negotiation for the purchase of the property. According to Mary Mangum, her husband suggested that she attempt to borrow some money from her mother. Upon her refusal to do this, Roland Mangum stated that he would arrange to purchase the property and put the title in his father's name so that she, Mary Mangum, would have no interest in said property. G. W. Mangum and wife are elderly people and live in La Salle County. Although G. W. Mangum testified that he had personally paid $50 in cash upon the purchase price of the property, he was a party to the suit and the jury was not bound to accept his testimony as true. Viewing all the circumstances of the case, the jury was authorized to find that the title to the property was placed in the name of G. W. Mangum and wife for the purpose of defrauding Mary Mangum.

Appellants insist that under the facts of this case no trust could arise in favor of Mary Mangum. The authorities are against appellants' contention. Krenz v. Strohmeir, Tex.Civ.App., 177 S.W. 178; Brown v. Brown, Tex.Civ.App., 152 S.W. 2d 790. We overrule appellants' first point.

The trial court found that the property at 725 Naylor Street was incapable of partition in kind and decreed that the same be sold and that the proceeds be divided equally between Mary Mangum and Roland Mangum. The court further decreed that the Olga Amberson note "should be fixed as a liability of defendant R. Mangum in the partition, division and settlement of the property rights of the plaintiff (Mary Mangum) and defendant R. Mangum, and that the defendants R. Mangum, G. W. Mangum and wife, Emma Mangum, or either of them, should not be entitled to any contribution or any reimbursement from plaintiff in the event that they or either of them should pay the whole or any part of said $1200.00 (Amberson) indebtedness." A recovery of $300 attorney's fees was also awarded to Mary Mangum and cost adjudged against Roland Mangum. A receiver was appointed to sell the property in accordance with the court's decree.

These provisions of the judgment are all attacked by appellants' remaining points. We need not discuss appellants' various contentions in detail. The judgment was based, in part, upon findings of the jury and (by agreement of the parties) upon findings by the trial court. No error is disclosed either in the findings made by the trial judge or in his refusal to make certain additional requested findings.

The homestead character of the property involved came to an end with the rendition of the decree of divorce, and no one here questions the validity of the decree of divorce. Tanton v. State National Bank of El Paso, 125 Tex. 16, 79 S.W.2d 833, 97 A.L.R. 1093. Roland Mangum and Mary Mangum had no children. It does appear that Roland Mangum did have a child by a former marriage, but this child did not live with him nor does it reside in Bexar County. In view of the divorce, Roland Mangum has no further homestead interest in the property. It was subject to partition as the community property of Roland Mangum and Mary Mangum.

There was no error in the award of attorney's fee to the wife. Chapman v. Chapman, Tex.Civ.App., 172 S.W.2d 127; Fasken v. Fasken, Tex.Civ.App., 260 S.W. 698.

The trial court in its discretion was authorized to provide that the Amberson note, as between Mary Mangum and Roland Mangum, should be the liability of Roland Mangum. Hughes v. Hughes, Tex.Civ. App., 259 S.W. 180; Franks v. Franks, Tex. Civ.App., 138 S.W. 1110.

No reversible error being disclosed by appellants' brief, the judgment of the trial court is affirmed.