Douglas Geddes BENEDICT, Appellant,

v.

Sammy Jane BENEDICT, et al., Appellees.

No. 17748.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 1, 1976.

Rehearing Denied Nov. 5, 1976.

Murad & Steimel and Walter E. Steimel, Fort Worth, for appellant.

Wilson, McGee & Craig and William T. McGee, Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

From the judgment of divorce in the case filed by his wife, Sammy Jane Benedict, Douglas Geddes Benedict has appealed.

Judgment reformed, and as reformed, affirmed.

The entitlement of the wife to a divorce is not challenged by the appeal. Challenged is: (a) the grant of custody of the children, provision of the judgment relative to visitation of children, and the amount of child support allowed, including the provision for its increase at a future date; (b) the action of the court in dividing property between the husband and wife, including both community and separate property, allegedly without complete inventory and without evidence of its appraised value; apportionment of the income tax liability on the community estate and the imposition of liability upon the husband therefor as well as obligation to discharge the community debts; (c) the grant to the wife of what the husband contends amounts to alimony; and (d) miscellaneous complaints including the award of attorney's fees and costs, and the fact that though the Court's letter antecedent to judgment (included in the Transcript) indicated what the judgment would provide, it actually provided differently with no opportunity afforded the husband for hearing before the entry of judgment.

The husband and wife were married on July 8, 1965 in New York State. The wife did not work after that time. She had

approximately one year in college but left to become an airline stewardess, in which work she was engaged for approximately 7½ years. She was 37 years of age at time of the trial in July of 1975. At the time the parties married the husband was in the construction business and also worked in some manner in connection with a "gun shop". Afterward he ceased activity in both these enterprises. He dealt in real estate in the State of New York for a period of time. He proved generally unsuccessful in his attempts to profit. Actually he lost money.

Despite the husband's misfortunes it is apparent that he did not unduly suffer by reduction in his living standard. He then continued to receive, and will hereafter continue to receive, the income from a "lifetime trust". The history of annual income therefrom reflects between $60,000.00 and $70,000.00 per year as trust income, and the presumption from the record is that this income will continue.

In 1971 the parties moved to Texas and purchased a rather expensive home in Fort Worth.

We have attempted to analyze the evidence in the case in the determining exactly how and why the trial court arrived at its disposition and division of the property of the parties, with consideration given the property itself, the value of the items and articles thereof, and the value of the total. In her brief the wife's statement, and it is a fair one, is: "The net value of all of the properties after the payment of all debts and taxes is between $296,513.52 and $301,038.52. Of this, Mrs. Benedict was awarded property which was worth between $141,908.00 and $146,433.00, and Respondent was awarded property worth $154,605.52." These figures do not include the $400.00 per month due to be paid to the wife after the divorce, payments contended by the husband to amount to permanent alimony beyond the authority of the court to award.

The custody of the children was by the judgment of the court given jointly to the wife, along with intervenors, her parents Hugh Downing and Minna Downing. The wife and her parents were jointly appointed the "managing conservators", meaning in this case that they were given the rights of physical custody of the parties' minor children, with accompanying obligation, subject to the visitation rights of the father. The husband was appointed "possessory conservator", meaning the parent who will not have custody except for prescribed rights during periods in which there is exercise of rights of visitation.

■ We find that we may readily reduce the matters upon which our investigation of the law must be made. By the wife's suit she charged cruel treatment as well as insupportability of the marriage relationship because of discord which had destroyed the legitimate ends of the marriage relationship. The trial court, as the fact finder, was entitled to attribute to the husband the fault in the respects charged. The court will be presumed to have done so in the absence of any Findings of Fact and Conclusions of Law in the record.

■ No point of error asserts the claim that there is "no evidence" to support some essential finding, or that any finding made would be contrary to the "great weight and preponderance of the evidence" adduced on trial. The complaints presented by the husband's points are that there was abuse of discretion by the trial court. These make it necessary for this Court to examine the entire record in the same manner as would be necessary if complaint was made that there were findings contrary to the great weight of the evidence.

■ We hold that there was no abuse of discretion on the part of the court by failure to grant physical custody of the children to the husband and in merely allowing him visitation, nor was there any error because of the specific provisions of judgment relative to times for and duration of his rights of visitation. Evidence at the hearing upon existent animosity between the parties supported the action of the court in making the specific provisions. Furthermore, we know of nothing in the law which would forbid the trial court from

BENEDICT

making provisions of this character in every case. Visitation is not actually limited thereby if the parties cooperate. Accommodation and agreement on a greater opportunity for visitation would not require approval of the court.

The court did not specifically state that the husband was not a proper party to be granted physical custody of the children though under the record it could have so decided. The same is true relative to the wife. The question of fitness and suitability of the wife to have the physical custody was a matter of concern for the court. In resolving this question the court determined to vest the custody of the children in the wife together with her parents, as joint "managing conservators". Placement of the custodial responsibilities upon her parents along with the wife was an obvious act of wisdom on the part of the court; to have done otherwise might have been logically questioned. With such done there was assurance that the duties of the office of "managing conservator" would more assuredly be discharged. In this case there existed those "special conditions" making necessary such joint custody provisions in the judgment decree, and the evidence having shown a necessity therefor there was satisfaction of the requirement stated existent by the case upon which the husband relies. *Bronner v. Bronner*, 267 S.W.2d 577 (Tex.Civ.App., Amarillo, 1953, no writ history).

There was no abuse of the court's discretion in the assessment of amounts of child support to be paid by the husband as the parent "out of custody", nor in the provision for an increase in child support at a subsequent date. On the matter of increase the court was not punishing the husband; the intention as to accommodate him. The evidence disclosed that by the end of the initial 3-year period, in which a lesser amount was to be paid for child support than would thereafter be the husband's obligation, the husband expected to have certain monetary obligations resolved and discharged, and also to have completed the course of education currently undertaken and would probably have begun to earn money. At time of the trial the husband was not a wage earner nor operator of any business from which income was derived.

The husband's very substantial income at time of trial was from income of lifetime "spendthrift trusts" of which he was beneficiary, the principal of which he could not invade. The amounts provided by the court's judgment to be paid by the husband for the support of his children were much greater than in the ordinary case. The living standards of the children were much greater than in the ordinary divorce case and were actually commensurate with their father's considerable income.

It is the amount necessary to support children according to their station in life as well as their needs which is of importance in fixing the level of child support. As applied to the children involved the evidence not only demonstrated such, but additionally showed a greater need for the child support decreed in view of the existent physical and emotional condition of one of them. No abuse of discretion existed in the judgment on amounts to be paid for child support.

A question involved on the appeal concerns whether the judgment awarded alimony to the wife by the provision that there be the amount of $400.00 per month due her from the husband for the remainder of her lifetime or until such time as she may remarry. On this there are actually two questions: (a) Was it a recovery by her against the husband in (further) settlement of her rights in the community and separate property of the parties? (b) Did the award to the wife constitute an abuse of discretion?

The husband insists that there was abuse of discretion by the court in that all of the community property was awarded to the wife, plus most of the husband's separate property, together with the contention that there was additional abuse of discretion in the imposition of all the past tax liability upon the parties' community estate and in making it the obligation of the husband to discharge all the community debts. Adding

insult to injury, by the view of the husband, the court went further in an abuse of its discretion and granted permanent alimony. There is contention that if the $400.00 per month was not alimony, its allowance nevertheless rendered the property division grossly disproportionate as between the parties (if not theretofore disproportionate) to his prejudice.

On the division of the community property there is additional complaint that there was not a complete inventory thereof, nor evidence of appraised value of items included.

■ Earlier in the opinion we outlined the monetary amounts of the court's apportionment. Some of the property owned by the parties was community and some was the separate property of one or the other of them. In the absence of proper proof tracing the separate property of one or the other of the parties the matter is governed by the statutory presumption that all property on hand at the dissolution of the marriage is community property. V.A.T.S., Family Code, Sec. 5.02, "(Marital Property) Presumption."

■ As applied to the husband's "tracing" evidence, intended to show the character of property as separate and not community, the trial court was entitled to decide that he had not discharged the burden of proof as applied to some of it, including the residence in Fort Worth which was awarded to the wife. In the state of the record we are bound to presume that this was what the court did find. On the stated findings of the court, considered along with findings to be presumed, we hold there was not an abuse of discretion in the property division. We hold likewise when we treat as part of such property division the $400.00 per month to be paid in the future which the husband says is obvious alimony. With the $400.00 per month included we hold that there was a disproportionate award. We agree with the husband's authorities that there must be some reasonable basis for such an unequal division of property on divorce. We perceive no error, however, the answer to his complaint being that in this case there is evidence proving such a reasonable basis for the unequal division.

■ To repeat: the wife sought and obtained unequal division of the parties' property; allowance of such we hold authorized by equitable principles of law properly considered by the court in the property division. Among the elements the court was entitled to take into consideration were not only fault in the circumstances involved in the breaking-up of the parties, but also the disparity in the earning power of the parties following dissolution of the marriage, the probable need for future support and appropriate compensation to the spouse not at fault for that loss of economic benefit of the marriage relation itself which would have probably been received had the marriage continued.

■ The authority of the court, matters to be considered in the exercise of its authority, etc., are considered in cases to which we refer. Included therein for special consideration as applied to the parties' separate property, and as applied to instances where there is invasion of the separate property interest for the benefit of the spouse who would have no interest therein but for the judgment of the court, are expressions to the effect that there must be a reasonable basis for such an award by the court, an unequal division of property usually being involved. The cases are: *In re Marriage of McCurdy*, 489 S.W.2d 712, 717 (Tex.Civ.App., Amarillo, 1973, writ dism.); *Dobbs v. Dobbs*, 449 S.W.2d 119 (Tex.Civ. App., Tyler, 1969, no writ hist.); *Keene v. Keene*, 445 S.W.2d 624 (Tex.Civ.App., Dallas, 1969, writ dism.); *Roye v. Roye*, 404 S.W.2d 92 (Tex.Civ.App., Tyler, 1966, no writ hist.); *Dillard v. Dillard*, 341 S.W.2d 668 (Tex.Civ.App., Austin, 1960, writ ref., n. r. e.); *Cooper v. Cooper*, 513 S.W.2d 229 (Tex.Civ.App., Houston, 1st Dist., 1974, no writ hist.); *Hooper v. Hooper*, 403 S.W.2d 215 (Tex.Civ.App., Amarillo, 1966, writ dism.); *Liddell v. Liddell*, 29 S.W.2d 868 (Tex.Civ.App., San Antonio, 1930, no writ hist.); *Shaw v. Shaw*, 402 S.W.2d 821 (Tex. Civ.App., San Antonio, 1966, no writ hist.).

Particularly enlightening upon the law, though the case dealt with the relative legal rights of the parties after the court had exercised its authority to provide monthly payments to be made to one spouse and the judgment in the case had become final, is *Keton v. Clark*, 67 S.W.2d 437 (Tex.Civ. App., Waco, 1933, error refused).

Involved in the disposition of the parties' property in the instant case is the matter of the community indebtedness. The community debts were taken into consideration by the trial court and the obligation for the payment of such debts was by the judgment imposed upon the husband. In such cases, even where there must be invasion of the separate property of one for the benefit of the other party, a similar rule of law to that hereinabove noticed has application. Cases dealing with the question include the following: *Cusack v. Cusack*, 491 S.W.2d 714 (Tex.Civ.App., Corpus Christi, 1973, writ dism.); *Mangum v. Mangum*, 184 S.W.2d 338 (Tex.Civ.App., San Antonio, 1944, no writ hist.); *Hughes v. Hughes*, 259 S.W. 180 (Tex.Civ.App., Amarillo, 1924, writ dism.); *Franks v. Franks*, 138 S.W. 1110 (Tex.Civ.App., Austin, 1911, writ ref.).

■ In the disposition of property upon divorce the matter of tax liability was an element for consideration. Of course the matter of imposition of liability for the discharge of the obligation (affecting only the rights of the parties, one against the other) should be considered in the property division. *Cole v. Cole*, 532 S.W.2d 102 (Tex. Civ.App., Dallas, 1975, no writ hist.). Indeed it has been held that when the court fails to consider such tax liability, and the wife is without the means to satisfy the obligation for its payment, the failure constitutes error. *Gaulding v. Gaulding*, 256 S.W.2d 684, 688 (Tex.Civ.App., Dallas, 1953, no writ hist.).

■ Herein lies at least part of the occasion for the trial court's having provided for a lesser amount to be paid by the husband during an initial 3-year period for child support than the amount to be paid after that period has expired. The husband was shown to have failed to file tax returns since 1970. In order to discharge the resultant tax liability the cost will be considerable; indeed the husband estimates that it will be $120,000.00. It is obvious that if the wife becomes compelled to pay the taxes (in order to preserve the family home for herself and the children) it will appear an act of wisdom for the trial court (as it did in making the provisions of judgment) to provide that obligation of the husband should include the duty of reimbursement. In any event this would merely be a part of the broader consideration of the total of the property and property interests for which there was provision in the judgment, this would be proper if the charge laid upon the husband of the whole tax liability be proper, and this would not prejudice him in the eyes of the law. Imposition of the entire tax liability upon the husband in this case was within the authority of the trial court. Upon consideration of the evidence we hold that the court's exercise of its authority did not amount to an abuse of discretion.

■ To be hereafter noticed is that there was award of two-thirds of the attorney's fee of the wife charged against her husband. The amount so charged was properly considered as a part of the test of propriety of the property division. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950). Conceivably there are cases in which such a charge would create an unjust property division. Here there is not proof that in making the property division there was any improper "dual consideration" of the attorney's fee. Absent such it cannot be said that error resulted in this case.

■ We have considered the husband's complaint that there was an incomplete inventory of the parties' property, and his contention that without evidence of the value thereof there was error in the property division. The record fails to support the contention. A question is not raised. The husband submitted his own inventory and assigned values to the majority of the items inventoried by him. On the property there was substantial expert testimony. If there

was any failure as applied to any omitted items the failure would be disregarded by this Court as a possible ground to reverse the judgment since the law does not concern itself with trifles. See 44 A.L.R. 168, Annotation: " 'De minimis non curat lex.' "

A provision of the judgment was for the wife's entitlement to $400.00 per month subsequent to the date of the divorce. The provision reads as follows: "In further settlement of the rights of Petitioner in the community and separate property of the parties, the Court finds that Petitioner is entitled to have and recover judgment against Respondent in the sum of $400.00 monthly for the remainder of her lifetime or until such time as she may remarry."

■ Of course, if the obligation was "personal", i. e., was truly a judgment *in personam* and not a judgment *in rem*, it would be forbidden by Texas law as an award of alimony after the divorce. The language quoted is susceptible of construction that it is such an impermissible adjudication; but as we construe it under the facts and circumstances of this case the only thing wrong with it is that it is overbroad in its provisions. Having that character it may be corrected by a reformation which narrows its scope and reduces the burden construable as having been imposed so that the benefits to the wife intended to be afforded thereby are limited. In other words it is our opinion that by providing that the $400.00 monthly payments shall come from the proceeds of property in existence at the time of the divorce and thus made a part of the *in rem* adjudication there would be no doubt of judgment propriety.

It is clear from the whole record in the case, coupled with the language we have quoted from the judgment, that there was not an intent by the court to render an *in personam* judgment and that the court did intend to render an *in rem* judgment. We perceive no reversible error in the reformation above described and it will be made as part of the judgment of this Court.

We specifically take occasion to explain the matter of the $400.00 per month provided by judgment to be part of the division of property existent at the time of the divorce. We note that we do not have before us a situation requiring a somewhat different application of the law as is necessary where there has been a contract of the parties relative to property division, etc., though there should be consideration of language to be found in the cases dealing with the legal question involved where there has been such a contract. Here we have merely the decision of the court making the division of property. The distinction to be made under the differing circumstance has been explained. See cases annotated under V.A.T.S. Art. 4637, "Alimony" (now repealed by Acts 1969, 61st Leg., p. 2707, Ch. 888, § 6, eff. Jan. 1, 1970); and Texas Family Code, Ch. 3, "Dissolution of Marriage", Sec. 3.59, "Temporary Support".

■ ■ Essentially the law is that the courts are not authorized to decree an award of permanent alimony for the support of the divorced wife because to do so would be to contradict the public policy of the state; however, an award is not alimony which is forbidden by law, where in the property settlement provisions of a divorce decree one of the parties is required to make payments to the other after the divorce and the payments are *referable to any property that either spouse may have owned or claimed at time of the decree* which is part of the existing property which the court apportions. On this principle of law there are many cases which could be cited. Most are cited and discussed in 20 Tex.Jur.2d, p. 611, "Divorce and Separation", Ch. XIX, "Alimony", Sub. C., "After Divorce", Sec. 289, "In general"; in 16 South Texas Law Journal (1974–1975), p. 1, "A Wife's Right to Support Payments in Texas", by Edward W. Turley, Jr.; and in *Francis v. Francis*, 412 S.W.2d 29 (Tex.Sup., 1967).

Relative is the following statement by the Texas Supreme Court: "While the court, in ordering the divorce, should not be unmindful of the benefits which the spouse not at fault would have derived from a continuance of the marriage, through the

estate of the other spouse, its power is not limited to providing compensation for such benefits. Instead the court is to do complete equity as between the husband and wife and the children, having due regard to all obligations of the spouses and to the probable future necessities of all concerned. For the purpose of doing equity, the court may award all the personal property to either spouse, and may subject the income, rents, or revenues of all real estate, belonging to either or both of the spouses, to the support of either or both of them, or to the education and support of the children." *Hedtke v. Hedtke,* 112 Tex. 404, 248 S.W. 21 (1923).

■ It is fortunate, from the standpoint of the wife, that a part of the existing property of the husband is his trust estate. It is from the profits to be derived therefrom that the trial court undoubtedly intended the $400.00 per month should be paid. The estate being one which is a "spendthrift trust" the corpus could not be reached for any sale, etc., but we hold that such inability at law may not defeat the authority of the court to treat the trust as property of the husband existent upon divorce. While the husband lives he will receive the income from the trust.

Therefore it follows that the $400.00 per month to be paid in the future is "referable" to property which by the law here involved is proper to be treated as owned by the husband at time of the divorce. There being no question but that the court apportioned said monthly sum to her as part of the settlement made in division of property upon divorce, there was no impropriety and no reversible error involved. As already stated earlier in this opinion the provision thus became a part of the total property division.

■ We overrule the complaints of error because of the adjudication of all costs of trial against the husband. We also overrule the complaint based on the award of two-thirds of the total attorney's fee held reasonable for the representation of the wife in the proceeding. On costs see V.A. T.S., Family Code, Sec. 3.65, "Costs", authorizing costs as assessed by the court in the instant case. The matter of the award of attorney's fees to the successful party in a divorce suit has heretofore been discussed. Here the amount allowed as attorney's fees is treated as part of the property in existence at the time of the divorce and is governed by our holding that there was not an abuse of discretion on the part of the court in its division of the parties' property.

■ Finally, we overrule the point of error complaining because statements made in the letter of the court to the attorneys before the judgment was rendered and signed fail to conform to the judgment in the case, and the contention that error occurred in that counsel for the husband was not afforded opportunity for hearing because of the non-conformity. For the purposes of appellate court consideration, the letter of the court, though included in the record, is nevertheless a nullity and is to be totally disregarded. This Court has previously committed itself on this question. *Tejas Trail Property Owners Association v. Holt,* 516 S.W.2d 441 (Tex.Civ.App., Fort Worth, 1974, no writ hist.). We know of no authority to the contrary. Since we must disregard the letter on appeal, we must likewise disregard the fact that there was no opportunity afforded the complainant to be heard before the judgment was rendered and signed.

The judgment is reformed by a qualification of certain language of the judgment by an addition of additional provision, to-wit: the provision thereof which presently reads, "In further settlement of the rights of Petitioner in the community and separate property of the parties, the Court finds that Petitioner is entitled to have and recover judgment against Respondent in the sum of $400.00 monthly for the remainder of her lifetime or until such time as she may remarry" is by this Court qualified by addition of the following: "The aforesaid monthly payment is ordered to be paid by Respondent Douglas Geddes Benedict to Petitioner Sammy Jane Benedict from the income of the existing trust estate of which said Respondent is beneficiary, and of

which on October 9, 1975, the trustee was Mrs. Mary Graham, formerly Mrs. Robert L. Graham, as it is received."

As so reformed the judgment of the trial court is affirmed. All costs of the appeal are taxed against appellant, who was respondent/defendant below.