555 P.2d 527 (1976)
In re the MARRIAGE OF Anne P. GRAHAM, Appellee, and Dennis J. Graham, Appellant.
No. 75-588.
Colorado Court of Appeals, Div. III.
July 15, 1976.
Rehearing Denied August 5, 1976.
Certiorari Granted October 25, 1976.
*528 Williams, Trine & Greenstein, P.C., LeRoy D. Warkentine, Boulder, for appellee.
Donald S. Molen, Lynn Feiger, Denver, for appellant.
Selected for Official Publication.
STERNBERG, Judge.
This appeal raises the question of whether the projected value of a husband's education is property subject to division in a dissolution of marriage proceeding. We conclude that the court erred in treating the education as property and therefore reverse.
At the time of the filing of this action the petitioner wife was 27 years old and the co-petitioner husband was 28. They had been married for five and one-half years, no children had been born as issue of the marriage and none were expected. The wife made no claim for maintenance. She is an airline stewardess with a net monthly income of about $600 plus a $60 expense allowance and had been employed in this capacity throughout the marriage. The husband worked during most of the time of the marriage, but also attended school for three and one-half years, and was awarded a Master's degree in Business Administration. He was earning approximately $830 per month at the time of the dissolution of marriage hearing.
The parties settled all issues except the question of the value, if any, of the husband's three and one-half years of higher education and Master's degree and whether these constituted "marital property." An expert testified that the present value of the husband's education and advanced degree was $82,836. The trial court concluded that the education and degree were property subject to division and awarded the wife the sum of $33,134 to be paid at the rate of $100 per month. The expert's evaluation of the education and degree were based on projections of anticipated earnings over the husband's working life both with and without the education and degree.
While it has been held that the future prospects of the parties to generate income including their "occupational experience, coupled with education, training, and business background should be considered in determining what division should be made of property," Carlson v. Carlson, 178 Colo. 283, 497 P.2d 1006 (1972), we find no authority to consider education as a property item which is itself capable of division.
In Stern v. Stern, 66 N.J. 340, 331 A.2d 257 (1975), the court set aside that portion of a decree of the trial court which included the husband's earning capacity in a law firm as a separate item of property subject to division. The court stated:
"We agree with defendant's contention that a person's earning capacity, even where its development has been aided and enhanced by the other spouse, as is here the case, should not be recognized as a separate, particular item of property. . .. Potential earning capacity is doubtless a factor to be considered by a trial judge in determining what distribution will be `equitable' and it is even more obviously relevant upon the issue of alimony. But it should not be deemed property as such within the meaning of the statute."
In Todd v. Todd, 272 Cal.App.2d 786, 78 Cal.Rptr. 131 (1969), the court dealt specifically with the question of placing a monetary value on a husband's legal education. There, while the wife worked, the *529 husband went to law school, obtained a degree and was admitted to the bar. When he started a law practice, his assets were negligible. Some 14 years later, he had a net estate in excess of $200,000. An expert witness projected the husband's earnings during his working life, and placed a value of $308,000 on the legal education and law degree. The trial court, however, determined the value of the husband's education, for purposes of the divorce litigation, to be nothing. In affirming, the court stated:
"If a spouse's education preparing him for the practice of the law can be said to be `community property,' a proposition which is extremely doubtful even though the education is acquired with community moneys, it manifestly is of such character that a monetary value for division with the other spouse cannot be placed upon it."
The court went on to hold that the right to practice a profession, while a property right, is not one subject to division and said that:
"At best, education is an intangible property right, the value of which, because of its character, cannot have a monetary value placed upon it for division between spouses."
While Todd speaks of community property, the logic and holding in that case and in Stern v. Stern, supra, are persuasive to us, and determinative of the issue. We hold, therefore, that although a litigant's education is a factor to be considered, among many others, in arriving at an equitable property division and in determining matters of maintenance and child support, it is not property subject to division under § 14-10-113, C.R.S.1973.
Judgment reversed and cause remanded for further proceedings consistent with this opinion.
BERMAN and KELLY, JJ., concur.