**Manuel Jesus FRAUSTO, Appellant,**

v.

**Maria Lourdes FRAUSTO, Appellee.**

No. 16438.

Court of Civil Appeals of Texas,
San Antonio.

Nov. 26, 1980.

Rehearing Denied Feb. 5, 1981.

Warren Weir, San Antonio, Rufino Cabello, Carrizo Springs, for appellant.

Jerald Abrams, Knickerbocker, Abrams & Cowan, Eagle Pass, for appellee.

OPINION

KLINGEMAN, Justice.

This is a divorce action but the appeal herein pertains to the trial court's division of the properties between the parties. Appellant, Manuel Jesus Frausto, complains only of an order in the divorce decree which requires him to pay to appellee, Maria Lourdes Frausto, the sum of $20,000, payable in the amount of $200 per month, "as a part of the division of the estate of the parties and as reimbursement for petitioner's share of the community expense for respondent's education." [1]

By a number of points of error appellant asserts that the trial court erred in holding that (1) the husband's education preparing him for the practice of medicine was community property and a property right divisible on divorce; and (2) appellee was entitled to such sum as reimbursement for her share of the community expense for appellant's education. We agree.

In addition to a divorce between the parties, the divorce decree appointed the wife managing conservator of the couple's two minor children, and the husband possessory conservator with rights of visitation. The husband was ordered to pay child support of $250 per month for each child. The divorce decree also made a division of the community property, real and personal, between petitioner and respondent. [2] The husband was ordered to pay certain debts, and

---

1. The Decree of Divorce states:

    The Court further finds that during the marriage the parties have invested approximately $40,000.00 in Respondent's medical education and that Respondent is now a medical doctor, licensed to practice medicine in the State of Texas. It is therefore,

    DECREED that Respondent, Manuel Jesus Frausto, shall pay to Petitioner, Maria Lourdes N. Frausto, as a part of the division of the estate of the parties and as reinbursement [sic] for Petitioner's share of the community expense for Respondent's education, the amount of $20,000.00 payable in the amount of $200.00 per month, plus interest at 9% per annum on the unpaid balance, with the first payment being due and payable on or before the 10th day of June, 1979 and a

like payment being due and payable on the same day of each month thereafter until said amount of $20,000.00, plus interest at 9% per annum on the unpaid balance, be paid in full. The interest at the rate of 9% per annum of the unpaid balance shall commence as of the date that the first payment id [sic] due, June 10, 1979.

2. The wife was awarded the home in Eagle Pass subject to all indebtedness thereon; all escrow funds in a savings and loan in Uvalde for payment of insurance, taxes and maintenance charges on such house; all household appliances and furnishings, and all personal property in her possession or subject to her control; any sums of cash in her possession or subject to her control, including money in

was also ordered to pay for legal services and expenses in connection with the divorce decree to the wife's attorneys, in the sum of $5,375.

During the early part of the marriage, appellant and appellee were both school teachers. It was agreed by both that the husband would enter medical school. The wife continued to work while the husband was obtaining his medical education, and it is clear that during such period a considerable portion of all expenses of such marriage came from the wife's earnings. After the husband obtained his doctor's license to practice medicine, his earnings at times were substantial, but his work record is spotty, at times he was unemployed, and at other times his earnings were not large by medical standards. The husband testified that he had sustained injuries to both of his legs and that this made it difficult for him to work at times, and that he had quit some jobs because of this problem. There is evidence that at times the husband was a heavy spender. Despite whatever earnings the husband and wife had, no large community estate was accumulated. Both the husband and wife had college degrees, and the wife had taught school for many years and has continued to work as a school teacher. Two children were born of such marriage, one born in 1973 and the other in 1975. This case is somewhat typical of what sometimes happens when one spouse continues to work while the other spouse is obtaining a degree resulting in high potential earnings for the degreed spouse, and a divorce thereafter ensues.

From the plain language of the decree it is apparent that the award of $20,000 to the wife was an attempt by the trial judge to divide the medical education of appellant as a part of the community estate, or to reimburse appellee for expenditures made by the community for appellant's medical education.

There are no Texas cases directly in point. Two community property states, California and Colorado, have passed on the questions here involved. In *Todd v. Todd*, 78 Cal.Rptr. 131, 272 Cal.App.2d 786 (1969), the California court held that a spouse's education preparing him for the practice of law is not of such a character that a monetary value for division can be placed on it for a division between the spouses in a divorce proceeding.[3]

This rule was reaffirmed in *In re Marriage of Aufmuth*, 152 Cal.Rptr. 668, 89 Cal.App.3d 446 (1979), wherein it was held that a determination that a legal education is community property would require a division of post-dissolution earnings, even though such earnings are the separate property of the acquiring spouses. A Colorado court in *In re Marriage of Graham*, 38 Colo. App. 130, 555 P.2d 527 (1976), found that

banks or savings institutions which stand in her name or which are subject to her control; a 1977 Ford Mustang automobile and a 1969 Ford Mustang automobile; any and all insurance, pensions, and other benefits arising out of her employment; and any and all such benefits arising out of her membership in the Texas State Teachers Association. The husband was awarded all household furnishings, appliances, jewelry and other personal property in his possession or subject to his control; and any and all sums of cash in his possession or subject to his control, including money on account in any banks, savings institutions, or other financial institutions which stand in his name or subject to his control. The husband contends that the wife was awarded a much larger share of the community property in all probability due to her husband's medical education and degree and that the recovery of the additional $20,000 to the wife for such item would be a double recovery because this factor was already considered in making a division of the community property. It is difficult to ascertain the exact value of the community property from the record before us but it appears relatively small, consisting chiefly of the house awarded to the wife, and a 1978 Lincoln Continental awarded to the husband. There is testimony that the house has a value of $40,000 with an existing indebtedness of $10,000; and that the 1978 Lincoln cost $17,000 when purchased.

3. "If a spouse's education preparing him for the practice of the law can be said to be 'community property,' a proposition which is extremely doubtful even though the education is acquired with community moneys, it manifestly is of such a character that a monetary value for division with the other spouse cannot be placed upon it."
78 Cal.Rptr. at 134, 272 Cal.App.2d 786.

education is not a property item capable of division.[4]

We have found only one state which has held that a spouse has a property interest in the other spouse's professional degree. *Inman v. Inman*, 578 S.W.2d 266 (Ky.Ct.App. 1979) (common law state).

We agree with the jurisdictions that have held a professional educational degree is not divisible upon divorce.

In *Nail v. Nail*, 486 S.W.2d 761 (Tex. 1972), it was contended that professional good will was an asset capable of being divided upon dissolution of the marriage. The supreme court rejected this contention and stated that the professional good will of a doctor does not "possess value or constitute an asset separate and apart from his person or from his individual ability to practice his profession. It would be extinguished in the event of his death, or retirement, or disablement, as well as in the event of the sale of his practice or the loss of his patients, whatever the cause." Although *Nail* does not involve a spouse's education, we regard it as comparable and persuasive.

■ The trial court, upon divorce, is authorized to divide the "estate of the parties" which has been interpreted to refer to community property alone. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137 (Tex.1977). Further, the trial court cannot divest spouses of rights to separate property whether real or personal, *Campbell v. Campbell*, 23 Tex.Sup.Ct.J. 391 (June 4, 1980); *Eggemeyer, supra*. If the trial court awards monthly payments to be made in the future by one spouse to the other, such payments must be referable to property in existence at the time of marriage. *Benedict v. Benedict*, 542 S.W.2d 692 (Tex.Civ.App.—Fort Worth 1976, writ dism'd); *Garrett v. Garrett*, 534 S.W.2d 381 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ).

An award of future monthly payments which is specifically referable to an education received by spouses during marriage, as we have in the case before us, violates the rules and authorities hereinbefore set forth, and an award of monthly payments to be made in the future that is based on future earnings is in violation of *Eggemeyer, supra*, because it is an award of separate property, property not acquired during the marriage relationship.

■ We recognize there are inequities which may result from the failure to compensate the spouse who supports the other spouse through college or professional school. *See*, Castleberry, Constitutional Limitations on the Division of Property Upon Divorce, 10 St. Mary's L.J. 37, 56 (1978). However, in an attempt to overcome such difficulties the trial court has wide discretion in dividing the estate of the parties in a divorce decree and may consider many factors including the difference in earning capacity, education and ability of the parties; probable future need for support; fault in breaking up the marriage; and the benefits an innocent spouse may have received from a continuation of the marriage. *Hedke v. Hedke*, 112 Tex. 404, 248 S.W.2d 21 (1923); *Bokhoven v. Bokhoven*, 559 S.W.2d 142 (Tex.Civ.App.—Tyler 1977, no writ); *Copeland v. Copeland*, 544 S.W.2d 183 (Tex.Civ.App.—Amarillo 1976, no writ); *Cooper v. Cooper*, 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); *Dobbs v. Dobbs*, 449 S.W.2d 119 (Tex.Civ.App.—Tyler 1969, no writ). However, the trial court is limited by our basic community property laws in making a division as hereinbefore outlined.

■ We hold that a professional education acquired during marriage is not a property right and is not divisible upon divorce.

4. "We hold, therefore, that although a litigant's education is a factor to be considered, among many others, in arriving at an equitable property division and in determining matters of maintenance and child support, it is not property subject to division under § 14-10-113 C.R.S. 1973." *Id.* at 529. *Graham* cites *Stern v. Stern*, 66 N.J. 340, 331 A.2d 257 (1975), where the court said: "Potential earning capacity is doubtless a factor to be considered by a trial judge in determining what distribution will be 'equitable' and it is even more obviously relevant upon the issue of alimony. But it should not be deemed property as such within the meaning of the statute."

We must now consider whether the award of $20,000 can be justified on the basis of reimbursement. It is clear from the language of the decree that to whatever extent it is reimbursement, it is reimbursement for appellee's share of community expenses for appellant's education. This is not a typical reimbursement which ordinarily pertains to payments or contributions made by one spouse out of separate property to the community or by the community to one of the spouse's separate property. Reimbursement is ordinarily allowed where money is spent by one estate to pay off a debt of another estate, or where improvements are made from one estate to the other estate. *See, Dakan v. Dakan*, 125 Tex. 305, 83 S.W.2d 620 (1935). The rule is sometimes stated that on dissolution of the marriage, if one party has contributed separate property, or if community funds have been applied to the enhancement of the property of the other, reimbursement is allowed. We do not have this here. Any reimbursement here is referable only to the education of one of the spouses, which we have held is not a property right, and which was admittedly paid for from community funds. Moreover, there are no pleadings seeking reimbursement. Ordinarily, an award for reimbursement is not allowable in the absence of an allegation of liability of such a nature or anything in the pleading to support such a judgment. Under the pleadings and the record we find no justification for such award on the theory of reimbursement.

The trial court's award of $20,000 to appellee as a part of the division of the estate of the parties and as a reimbursement for appellee's share of community expenses for appellant's education constitutes error and is an abuse of the trial court's discretion.

Where an appellate court finds that the trial court abused its discretion in a divorce suit, ordinarily, the proper order is a reversal and remand. As hereinbefore pointed out, it is not possible for us to determine exactly what portion of the community estate was awarded to the husband, and what portion to the wife. Consequently, it is not possible for us to tell to what extent the trial court considered the professional education and degree and substantially higher earning capacity of the husband, in making a division of the community estate between the parties. The interests of justice will best be served by a remand as to that portion of the divorce decree making a division of the property between the parties.

That portion of the divorce decree pertaining to a division of the property between the parties is reversed and remanded to a trial court for a new trial in a manner not inconsistent with this opinion. The divorce decree in all other things is affirmed.