CEIGA *v.* CEIGA.

[No. 17,137.   Filed December 2, 1943.]

*Roberts & Roberts*, of Lowell, and *George E. Hershman*, of Crown Point, for appellant.

*Conroy & Glendening*, of Hammond, and *Louis J. Simbalmos*, of East Chicago, for appellee.

ROYSE, P. J.—This is an action involving a post-nuptial agreement in reference to the property rights of appellant and appellee. On March 8, 1937 the parties herein were husband and wife and, having separated, they executed a contract settling their property rights. Subsequently, the Lake Circuit Court granted appellant a divorce and at the trial of said divorce action the post-nuptial contract here involved was amended by the parties in open court, submitted to and approved by the court. The decree of the Lake Circuit Court in the divorce action was as follows:

"Comes now the plaintiff in person and by V. K. Roberts, Attorney, and comes also the defendant by Louis J. Simbalmos, Attorney, in open Court and this cause is now submitted to the court for hearing and trial on the complaint and answer filed thereto, without the intervention of the jury, and the court having heard the evidence and being now duly advised in the premises finds for the plaintiff; that the plaintiff should be granted an absolute divorce from the defendant; the court further finds that the plaintiff and defendant before the filing of this action entered into a written contract adjusting and disposing of their respective property rights, which contract provided that the defendant make monthly payments of thirty dollars ($30.00) per month on the terms therein provided and which said contract, by agreement of the parties in open court and with the approval of the court, is modified and as so modified is executed by the parties in open court.

"And it is further found that the said contract as so amended and executed in open court should be and is now approved and confirmed by the court as and for a full and final settlement of the property rights by and between the parties hereto.

"It is, therefore, considered, adjudged and decreed by the court that the bonds of matrimony heretofore existing between the parties hereto be and the same are herby wholly dissolvd and held for naught; that the plaintiff be and she is hereby granted an absolute divorce from the defendant.

"It is further considered, adjudged and decreed by the court upon the finding that the plaintiff and defendant before the filing of this action made and entered into a written contract adjusting and settling their property rights, which contract further provided for payment by the defendant to the plaintiff, in monthly installments, of thirty dollars ($30.00) per month, on the terms in said contract therein set out and which said contract, by agreement of the parties in open court and with the approval of the court, was amended and modified and as so amended and modified was executed by the parties in open court and approved by the court, is considered, adjudged and decreed by the

court to be a full and final settlement of the property rights of the parties hereto."

This decree was entered May 27, 1937. The contract referred to in said decree provides as follows:

"This Agreement Made and Entered Into, this 8th day of March, 1937, by and between Charles A. Ceiga, party of the First Part, and Pearl Ceiga, Party of the Second Part, Witnesseth:

"That, Whereas, The Parties hereto are husband and wife and contemplate procuring a divorce, and have agreed upon a settlement of their property rights, if and when the 'court, before whom the action shall be filed, shall award a divorce to the Party making application therefor.

"Now Therefore, In consideration of the premises, it is agreed that the said Charles A. Ceiga shall convey to Pearl Ceiga Lot No. Two (2) as marked and laid down on the original plat of the Town of Lowell, Indiana, to be her absolute property, so long as she shall remain unmarried, but if, at any time, she shall remarry or at her death, then the property reverts to the said Charles A. Ceiga, as his sole and separate property. In the event of the death of both parties the property to vest in Harold V. Ceiga.

"The said Charles A. Ceiga further agrees, That in consideration of the divorce to be granted, and as an inducement for the said Pearl Ceiga not to make application to the Court for support money, now agrees to pay to her, the said Pearl Ceiga, the sum of thirty ($30.00) dollars per month, which sum shall be paid on the 15th day of each and every month, commencing on the 15th day of May, 1937, such payments to continue so long as the said Pearl Ceiga remains unmarried, and said payment to be made at her home wherever she may reside, or at such place as she shall direct from time to time.

"This Agreement is made as aforesaid, based upon the assumption that a divorce will be awarded.

"Dated and signed by the Parties hereto, the year and date hereinabove written.

Chas. A. Ceiga     (Seal)
Mrs. Pearl Ceiga  (Seal)"

Thereafter, appellee failed to comply with the provisions of said contract with reference to the payments to be made to appellant. She brought suit on the contract in the Lake Circuit Court for said payments, judgment was rendered against appellee for payments due up to and including March 15, 1939. Appellee paid this judgment in full. He again failed and refused to make the payments provided for in the contract and appellant again brought suit against appellee in the Lake Circuit Court to recover such payments. The venue was changed to the Porter Circuit Court where, on February 9, 1942 judgment was rendered against appellee for $930.00 for payments due from March 21, 1939 to October 21, 1941. Appellee filed a motion for a new trial which was, on September 23, 1942, sustained. The cause was then resubmitted to the Porter Circuit Court on the same evidence submitted in the first trial in said court. Judgment was against appellant and in favor of appellee. Appellant's motion for a new trial was overruled. The assignment of errors here is that the trial court erred in sustaining appellee's motion for a new trial and the trial court erred in overruling appellant's motion for a new trial.

The first specification of the assignment of errors presents no question.

Appellant's motion for a new trial was on the following grounds: (1) The decision of the court is contrary to law. (2) The decision of the court is not sustained by sufficient evidence.

Appellant contends that the contract sued upon was

made after separation and was fair, reasonable, just, and untainted by fraud; that it was submitted to the court in the divorce proceedings and approved by said court, and therefore is binding on the parties. Appellee contends the evidence shows appellant was granted an absolute divorce on May 27, 1937 and the agreement was redated and re-executed in open court and became a part of the divorce decree, and since the divorce action is statutory the decree for alimony not being for a sum in gross, that part of the agreement sued upon in appellant's complaint is void and may be attacked collaterally.

The two principal questions involved in this appeal are: (1) Can a husband and wife, in contemplation of divorce, enter into a binding post-nuptial agreement settling their property rights? (2) Is the contract here involved a contract for alimony?

A post-nuptial agreement which is entered into with a full understanding of all of the facts by both parties, and that is fair and reasonable, giving due consideration to the financial worth of the parties, is a valid contract binding upon the parties. *Hilbish* v. *Hattle* (1896), 145 Ind. 59, 69, 44 N. E. 20; *McHie* v. *McHie* (1939), 106 Ind. App. 152, 176, 16 N. E. (2d) 987. And it appears to us that this is particularly true where, as in the instant case, the contract was agreed to by the parties in open court and was subsequently approved by the court.

We next proceed to a determination of whether or not the contract here involved is a contract for alimony. A contract for the payment of alimony is invalid. *Thompson* v. *Thompson* (1892), 132 Ind. 288, 293, 31 N. E. 529. Alimony is the allowance made by order of court for the maintenance and support of a wife living apart from her husband, whether

211

divorced or not. Bouvier's Law Dict., Rawle's Third Rev. p. 175; 17 Am. Jur., p. 405, § 496; 27 C. J. S., p. 881, § 202.

The decree of the Lake Circuit Court in granting the divorce to appellant made no mention of alimony. The contract sued upon made no such reference. ■ This contract specifically provides that it is made to settle the *property rights* of the parties. The decree of the divorce court is that the contract, as amended and modified by the parties and subsequently approved by it, is a full and final settlement of the *property rights* of the parties. The decree is not for a money judgment against the appellee. It is clear to us that at the trial in 1939 of the action on the same contract here involved, the parties and the court which made the divorce decree did not regard or construe this decree as a judgment for alimony.

The evidence in this case is undisputed and there is no evidence to sustain the decision of the trial court. It is therefore contrary to law.

The judgment of the Porter Circuit Court is reversed, with instructions to sustain appellant's motion for a new trial and for further proceedings in accord with the views herein expressed.

NOTE.—Reported in 51 N. E. (2d) 493.