**Ernest H. MILLS, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**Ernest H. MILLS and Loretta E. Mills, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**Nos. 399–70, 400–70.**

United States Court of Appeals, Tenth Circuit.

May 18, 1971.

David H. Loeffler, Bristow, Okl., for appellants.

James H. Bozarth, Atty., Tax Division, Dept. of Justice, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks and Loring W. Post, Attys., Tax Division, Dept. of Justice, with him on the briefs), for appellee.

Before SETH, ADAMS *, and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

These appeals involve personal federal income taxes for the years 1959, 1962, 1963, and 1964 in the amounts of $783.-00, $733.55, $272.67 and $737.95, respectively. The taxpayers, husband and wife, filed petitions in the Tax Court of the United States for a redetermination of the deficiencies which the Commissioner assessed against them. The cases were consolidated for trial, and on March 25, 1970, the Tax Court filed its findings of fact and opinion, 54 T.C. 608, and entered its decision in favor of the Commissioner in both suits.

The facts were largely stipulated by the parties and may be summarized as follows: Ernest H. Mills and his former wife, Nell Mills, were married in 1930, and divorced in 1959. In his petition for the divorce, Ernest Mills stated that he and his then wife had entered into a written "property settlement" agreement "for the settlement and division of the real and personal property acquired by the parties during their marriage," and taxpayer asked the court to approve and confirm this agreement. In the agreement it was also stated that the reasonable value of Nell Mills' fair share of the property then owned by the parties, jointly or severally, which had been acquired during their marriage, was $90,000.00. In lieu of a partition in kind, taxpayer agreed to pay her and she agreed to accept as a full and complete property division and settlement the total sum of $90,000.00; $30,000.00 to be paid at the time the decree of divorce was granted, and $4,000.00 per year thereafter for fifteen years. In addition, Nell Mills was to have some furniture and an automobile. The parties further agreed that the divorce court decree a lien on most of the real estate owned by taxpayer to secure the payment to Nell Mills of the $60,000.00 payable at $4,000.00 per year. She also agreed to execute a quitclaim deed to all real or personal property owned by taxpayer personally or by the parties jointly.

Based on the view that the above described payments made to Nell Mills were deductible as alimony payments under sections 71 and 215 of the Internal Revenue Code of 1954, taxpayer claimed deductions for those payments on his individual tax return for 1959 and joint returns for himself and his present wife for the taxable years 1962, 1963, and 1964. In his statutory notices of deficiency, the Commissioner disallowed the claimed deductions on the ground that the payments were made in satisfaction of an amount payable for a property settlement and were not includible in the income of taxpayer's former wife, Nell Mills.

Prior to the issuance of the statutory notices in this case, the Commissioner, inconsistently with his position here, took the position in the related case of Nell Mills for the taxable years 1959, 1960, and 1961 that she was taxable on alimony payments received from taxpayer to the extent of $9,000.00 in 1959 and $4,000.00 each in the years 1960 and 1961. She had not included the amounts received as gross income in her income tax returns for these years. She paid the deficiencies and interest for these years, and thereafter brought suit for

* Of the Third Circuit, sitting by designation.

refund in the United States District Court for the Northern District of Oklahoma to recover the amounts alleged to have been erroneously collected. In that case, the United States District Court ultimately held that Nell Mills was entitled to recover on her claims for refund.

Again at issue in this action is the nature of the payments made to Nell Mills for the taxable years in question. It is undisputed that if these were alimony payments, they were deductible by these taxpayers, while if they were part of a property settlement, they were not deductible. It is also undisputed that the labels appearing in the divorce decree, to the effect that this was a property settlement, are not controlling. This court has so held in United States v. Mills, 372 F.2d 693 (10th Cir. 1967). Whether these payments were alimony or a property settlement depends upon the real substance of the arrangement and the intent of the parties. Furthermore, in resolving such disputes, we must look to the law of the State. Collins v. Commissioner of Internal Revenue, 412 F.2d 211 (10th Cir. 1969). Oklahoma law provides that upon granting a divorce, the court may allow alimony. Further, it is provided in 12 Okl. St.Ann. § 1278 (1951) that:

"\* \* \* As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. \* \* \*"

Looking to that statute and the cases decided thereunder, the Tax Court ruled that Nell Mills, through her efforts, industry and skills, had acquired an interest in property accumulated during marriage. Accordingly, the Tax Court found that the circumstances indicated that the agreement in question was in fact a division of property as contemplated by the above statutory language. In arriving at these conclusions, the Tax Court held a hearing to determine the extent of Nell Mills' contribution to the ranching operation carried on by her husband during coverture. It found specifically that her activities during the years of marriage were more extensive than those of an ordinary housewife. In so doing, the Tax Court followed the guidelines set by the Oklahoma Supreme Court in Collins v. Oklahoma Tax Comm., 446 P.2d 290 (Okl. 1968). The Tax Court findings in this respect are supported by the evidence. The payments in question were intended to be a property settlement, dividing property in which Nell Mills had acquired an interest by virtue of her contributions to the ranching enterprise.

Affirmed.