THOMAS I. SWENDSEEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
SWENDSEEN v. COMMISSIONER
Docket No. 8139-77.
United States Tax Court
T.C. Memo 1978-501; 1978 Tax Ct. Memo LEXIS 16; 37 T.C.M. (CCH) 1851-56; December 19, 1978, Filed *16 Held, payment deductible alimony under sec. 215, I.R.C. 1954. Michael E. Stephan, for the petitioner. James C. Lanning, *17 for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $5,768.99 deficiency in petitioner's 1973 Federal income tax. After concessions, the sole issue is whether an $11,538 payment in 1973 constitutes deductible alimony within the meaning of section 215. [1]
FINDINGS OF FACT Some facts were stipulated and are found accordingly. Thomas I. Swendseen was a legal resident of Edina, Minnesota, when he timely filed his 1973 return and his petition in this case. On or about June 26, 1970, a Minnesota State Court entered a decree of divorce as to petitioner's marriage to Jacquelyn J. Swendseen. Paragraphs three and four of the decree awarded Mrs. Swendseen $900 per month permanent alimony and $550 per month child support. Following various property divisions and other financial arrangements, paragraph nine of the decree ordered petitioner to pay Mrs. Swendseen an additional $100,000 from the proceeds of sale of enumerated real property provided: that in the event that the proceeds of the sale of defendant's interest in said *18 real estate are less than One Million Dollars, then, the obligation of defendant shall be to pay to plaintiff ten per cent (10%) of the net proceeds of said sale, net proceeds being defined as the gross proceeds less any real estate commission paid in connection with said sale. * * *
In the event the defendant's interest in said real estate is not sold within ten (10) years from the date hereof, defendant's obligation to pay plaintiff $100,000.00 shall be absolute and shall not be limited to being paid out of any proceeds of the sale of said interests in said real estate. On June 20, 1973, petitioner sold a parcel of the enumerated real estate and, pursuant to paragraph nine of the decree, paid his former wife $11,538. Petitioner claimed an alimony deduction for the $11,538 payment on his 1973 Federal income tax return. Respondent disallowed the deduction on the grounds that the payment was neither periodic nor in the nature of or in lieu of alimony within the meaning of sections 215(a), 71(a)(1) and 71(c)(2) and section 1.71-1(a), Income Tax Regs.
OPINION We must determine whether petitioner is entitled to an alimony deduction under section 215(a) for the 1973 payment *19 of $11,538 to his former wife. This is governed by whether the payment was "periodic" within the meaning of sections 71(a)(1) and 71(c)(2) and, if so, whether the payment was in the nature of or in lieu of alimony within the meaning of section 71(a)(1) and section 1.71-1(a), Income Tax Regs.
Respondent contends that the payment was not periodic since it was an installment payment discharging a principal sum to be paid over a period of 10 years or less and it was not subject to the contingency of death of either spouse, the wife's remarriage, or change in economic status of either spouse. Sec. 71(c)(1); sec. 1.71-1(a), Income Tax Regs. Petitioner contends the language of paragraph nine of the decree permits the principal sum to be paid over a period ending more than 10 years from the date of the decree, and that the installment payment is therefore periodic under section 71(c)(2). We think both parties have overlooked a fundamental point. "Installment payments" as used in section 71(c) must be parts of a "principal sum." As stated in Baker v. Commissioner, 205 F. 2d 369, 370 (2d Cir. 1953), "'the principal sum * * * specified in the decree'--clearly implies an *20 amount of a fairly definite character, and thus carries with it no suggestion of uncertainty." See also Suarez v. Commissioner,68 T.C. 857, 865 (1977). Although paragraph nine imposes a $100,000 obligation on petitioner, it also reduces that obligation to 10% of the sales price of the enumerated property, if sold within a 10-year period for less than $1,000,000. This language clearly creates a sales price contingency which negates the "fairly definite character" of the $100,000 obligation. As such, we do not think paragraph nine specifies a "principal sum" within the meaning of section 71(c). [2] We thus find the payment periodic within the meaning of section 71(a)(1). Having determined section 71(c) to be inapplicable since no "principal sum" is involved, we must next decide whether the payment in question was a payment "* * * in the nature of or in lieu of alimony." Sec. 1.71-1(a), Income Tax Regs. Respondent contends that since paragraph three of the instrument *21 specifically provides for $900 per month for alimony, other payment provisions not specifically designated as alimony must be something else--presumably a property settlement. We cannot agree. It is well settled that payments made in satisfaction of property rights are capital in nature and neither includable in gross income under section 71 nor deductible under section 215. Jackson v. Commissioner,54 T.C. 125, 129 (1970). Labels contained in a divorce decree, however are not controlling on whether a payment is in the nature of alimony or a property settlement. Mills v. Commissioner,54 T.C. 608, 618 (1970), affd. 442 F. 2d 1149 (10th Cir. 1971). Thus, the fact that the parties label one provision of their decree as alimony does not preclude another provision from being treated as alimony for tax purposes. Petitioner and his divorce attorney both testified that the property enumerated in paragraph nine was petitioner's separate property since petitioner acquired it by inheritance from his father. As such, petitioner contends that the payment in question cannot be a property settlement because Minnesota law does not give the wife *22 any rights in the husband's separate noncoverture property. Respondent does not challenge this; his argument is based exclusively on the fact that paragraph three precludes paragraph nine from being considered alimony. Since we find that the mere labeling of paragraph three as alimony and the failure of the decree to specify the character of the paragraph nine payment does not preclude it from being alimony, we hold against respondent on the basis of the record before us. Our conclusion is supported by petitioner's uncontradicted evidence and argument that his wife had no property interest in the paragraph nine property. Accordingly, on the basis of the record before us, we hold that petitioner's 1973 payment of $11,538 is deductible under section 215. Decision will be entered under Rule 155. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Our conclusion eliminates the necessity of considering whether the instrument provides a payment period of more than 10 years under sec. 71(c)(2) since sec. 71(c)↩ treats only principal sums.