LEROY WIDMER AND BONITA J. WIDMER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

PAUL E. NIELANDER AND JOAN M. NIELANDER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 11527–78, 11961–78.     Filed December 22, 1980.

*Donald C. Johnson,* for petitioners Leroy and Bonita J. Widmer.

*Thomas W. Munger,* for petitioners Paul E. and Joan M. Nielander.

*Robert D. Kaiser,* for the respondent.

STERRETT, *Judge:* On July 20, 1978, respondent issued separate statutory notices to Leroy and Bonita J. Widmer (docket No. 11527–78) and Paul E. and Joan M. Nielander (docket No. 11961–78). Both parties timely filed petitions. Thereafter, respondent filed, and the Court granted, a motion to consolidate for the purposes of trial and disposition. After concessions by petitioners Widmer, the only remaining issue is whether payments by Mr. Widmer to his former wife Mrs. Nielander constitute alimony as described in section 71, I.R.C. 1954. The calendar years 1974 and 1975 are at issue in docket No. 11961–78. The calendar year 1975 is the only year in issue in docket No. 11527–78.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto,

is incorporated herein by this reference.

All petitioners resided in Indiana at the time they filed their petitions herein. Mr. and Mrs. Widmer and Mr. and Mrs. Nielander timely filed joint income tax returns for the calendar years 1974 and 1975.

Leroy Widmer and Joan M. Widmer (Nielander) were married on August 20, 1950. On October 12, 1971, the Superior Court of Tippecanoe County, Ind., entered a decree of divorce in *Joan M. Widmer v. Harry Leroy Widmer.*

At the time of their divorce, Mr. Widmer and Mrs. Nielander stipulated that they had accumulated the following assets during their marriage:

|  | Fair market value |
|---|---|
| Two 160-acre parcels of farmland | $183,500.00 |
| Tools and machinery | 35,100.00 |
| Household goods | 2,375.00 |
| 500 shares of stock in LeRay Investments, Inc. | 8,827.20 |
| Total | 229,802.20 |

The land was held in tenancy by the entirety at all times. Two hundred shares of the stock in LeRay Investments, Inc., were held jointly. The certificates for the remaining 300 shares were issued to Mr. Widmer, individually. All of the stock and land set forth above were acquired by the parties during their marriage. Included in the tools and machinery owned by the parties were a 1969 Plymouth and a 1968 Chevrolet. The parties had debt obligations of $34,546.09, and thus their net worth was approximately $195,000 at the time of the divorce.

Prior to the submission of the divorce action, Mr. Widmer and Mrs. Nielander, through their respective attorneys, endeavored to work out a property division for submission to the court. The parties failed to reach an accord and the cause was submitted to the trial court for decision on all issues therein.

By its decree of divorce, the court set over to Mrs. Nielander the following: (1) The 1968 Chevrolet, and (2) household fixtures and furniture, except certain miscellaneous items.

In addition to setting over to Mr. Widmer certain miscellaneous items, the court in its decree set over to him, as separate property, the following: (1) All tools, machinery, and equipment;

(2) the 1969 Plymouth; (3) the 500 shares of stock in LeRay Investments, Inc.; and (4) the two parcels of farm property. The court ordered Mrs. Nielander to assign her interest in the jointly held stock to Mr. Widmer. It further ordered that Mr. Widmer hold Mrs. Nielander harmless on obligations of the parties totaling approximately $34,500.

The decree further provided "that the plaintiff (Mrs. Nielander) should recover from the defendant (Mr. Widmer) alimony in the sum of $60,000.00, payable at the rate of $4,000.00 per year for fifteen years, said payments to be made in installments of $1,000.00 each, payable quarterly." The unpaid portion of said judgment was made a lien upon parcel No. 1, one of the two 160-acre farms which the parties had previously owned in tenancy by the entirety.

The trial court did not file an opinion on the entry of its decree divorcing Mr. Widmer and Mrs. Nielander. However, it did render an opinion in ruling upon Mrs. Nielander's motion to correct errors assessed to that decree. It said therein, in response to Mrs. Nielander's contention that the judgment for alimony in the sum of $60,000 was too small, the following:

> Plaintiff attacks the judgment for alimony as too small. If we accept the plaintiff's premise that the defendant was primarily at fault in the breakup of the marriage, or if it even appeared that the parties were approximately equally at fault, I would agree. In view of the court's finding on the question of fault, if such finding is correct, it is clearly within the power of the court to reduce the plaintiff's share below what she would receive if she were without fault.

> The net value of the total property of the parties listed on the stipulation is approximately $195,000. Of this, plaintiff is receiving approximately $64,000, or roughly one third.

In addressing Mrs. Nielander's contention that the fair market value of the growing crops should have been considered in determining the alimony, the court stated:

> technically, those which were growing on the parties' 320 acres were the property of the parties at the time of the trial, although clearly the plaintiff had no interest in those which were growing on the other 780 acres. But as a practical matter, the value of the crops went not to the permanent value of the property of the parties, which is the subject of the court's consideration in fixing alimony, but to the size of the defendant's yearly income, which is the basis on which the court must figure the obligation of support.

The Court of Appeals of Indiana, in its opinion rendered on

Mrs. Nielander's appeal of the trial court's decree, upheld the alimony award as within the proper discretion of the trial court.

During 1974 and 1975, Mr. Widmer made payments of $3,000 and $4,000, respectively, pursuant to the divorce decree. The payments were not contingent on the death or remarriage of either party.

Five children were born to Mrs. Nielander and Mr. Widmer during the course of their marriage. The Superior Court in its decree of divorce fixed child support at $25 a week per child who had not finished high school. On January 12, 1972, the Superior Court modified its decree and increased child support to $32 a week per child who had not finished high school.

## OPINION

The only issue presented is the character of the payments by Mr. Widmer to his former wife, Mrs. Nielander, pursuant to their divorce decree. The parties agree that, if the payments are for support, they are includable in income to Mrs. Nielander under section 71 and are deductible by Mr. Widmer under section 215. On the other hand, if the payments represent a property settlement, then they are neither income to Mrs. Nielander nor deductible by Mr. Widmer.

Mr. Widmer contends that the court decree utilized the term "alimony" as it is commonly understood, and that the payments are in discharge of the legal obligation imposed on him because of the marital relationship. Mrs. Nielander, relying on *Shula v. Shula*, 235 Ind. 210, 132 N.E.2d 612 (1956), argues that the payments under Indiana law are a property settlement.

Notwithstanding Mrs. Nielander's contention to the contrary, the purpose of alimony payments under Indiana law is not definite. The Seventh Circuit Court of Appeals properly described the status of alimony payments in Indiana in *Nichols v. Hensler*, 528 F.2d 304 (1976), wherein it stated:

> The law concerning the purpose of an "alimony" award in Indiana is not entirely clear. There are cases which adopt the conventional definition of alimony as "an allowance out of the divorced husband's estate made to the divorced wife for her support and maintenance." *Rariden v. Rariden*, 33 Ind. App. 284, 285, 70 N.E. 398, 398 (1904); see also *Ceiga v. Ceiga*, 114 Ind.App. 205, 210, 51 N.E.2d 493, 495 (1943); cf. *Wallace v. Wallace*, 123 Ind.App. 454, 464–465, 110 N.E.2d 514, 111 N.E.2d 90, 92 (1953). A second line of cases derives its authority from the decision of the Indiana Supreme Court in *Shula v. Shula*, 235 Ind. 210, 214–215, 132 N.E.2d 612, 614 (1956):

"Alimony is awarded in Indiana for the purpose of making a present and complete settlement of the property rights of the parties. It does not include future support for the wife, nor is it intended as a medium for providing financial compensation for injured sensitivities during marriage. The primary factor in fixing the alimony is the existing property of the parties. However, other facts which the court may consider are the source of the property, the income of the parties and the nature of the abuse inflicted upon the wife,— particularly if that abuse affected the earning capacity of the wife and would have been the basis for an action in damages except for the fact of the marriage. [528 F.2d at 307–308; fn. ref. omitted.]"

It thus appears that the trial court, in reaching its determination, could have intended the payments as property settlement, future support, or both. We look at the language of the decree, the opinion issued in respect to Mrs. Nielander's motion of error, and the facts and circumstances at the time the decree was issued to determine this intent.

Both parties agree that the trial court's labeling of the payments as "alimony" is not controlling. *Mills v. Commissioner*, 54 T.C. 608, 618 (1970), affd. 442 F.2d 1149 (10th Cir. 1971). After thorough review of the record, the Court is convinced that the installment payments were intended to be a property settlement.

The Indiana court determined that Mrs. Nielander was to receive approximately one-third of the total property held by the parties at the time of their divorce. The court in its supplemental opinion made clear that Mrs. Nielander received less than she would have received because of its determination that she was at fault in causing the divorce. The court placed a lien on one of the two parcels of property to secure the payment of the $60,000. The payments were to be made notwithstanding the income of Mr. Widmer, the death of either party, or the remarriage of Mrs. Nielander. All of these factors are indicia of a capital division as opposed to a support payment. *McCombs v. Commissioner*, 397 F.2d 4, 7 (10th Cir. 1968), affg. a Memorandum Opinion of this Court. The court's requirement that Mrs. Nielander assign her interest in the LeRay stock further evidences a property settlement.

Mr. Widmer points to paragraph 4 of the court's divorce opinion and its statements with respect to the growing crop as evidence that included in the $60,000 is some element of support because it is related to his income potential. With respect to the growing crops, the court stated:

technically, those which were growing on the parties' 320 acres were the property of the parties at the time of the trial, although clearly the plaintiff [Mrs. Nielander] had no interest in those which were growing on the other 780 acres. But as a practical matter, *the value of the crops went not to the permanent value of the property* of the parties, *which is the subject of the court's consideration in fixing alimony,* but to the size of the defendant's [Mr. Widmer's] yearly income, which is the basis on which the court must figure the obligation of support. [Emphasis added.]

We view this paragraph as further evidence that the court's only consideration in setting alimony was the property rights of the parties; the language with respect to the obligation of support we believe relates not to Mrs. Nielander, but to the obligation to pay child support with respect to the five children of the marriage. The fact that the child support was subsequently increased further convinces this Court that it was the child support which was connected to the income of Mr. Widmer and not the alimony payment.

To reflect concessions by respondent,

*Decision will be entered under Rule 155 in docket No. 11527–78.*

*Decision will be entered for the petitioner in docket No. 11961–78.*