DOUGLAS G. BENEDICT, PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 21156–81.     Filed April 4, 1984.

*Ben A. Douglas,* for the petitioner.
*William P. Hardeman,* for the respondent.

OPINION

NIMS, *Judge*: Respondent determined deficiencies in peti-
tioner's Federal income tax for the years 1975, 1976, and 1977
in the amounts of $4,478.69, $3,311.62, and $3,713.92, respec-
tively.

After concessions, the issue for decision is whether pay-
ments made by petitioner to his former wife pursuant to a
divorce decree are deductible as alimony under section 215.[1]

All of the facts have been stipulated and are found accord-
ingly.

Petitioner resided in Fort Worth, Tex., at the time the
petition was filed in this case.

Petitioner and his former wife were granted a decree of
divorce in the Texas Domestic Relations Court on October 13,
1975. The court found that the parties owned community and
separate property which should be divided in an equitable
manner. Consequently, the court awarded to petitioner's
former wife their home, various jewelry, an automobile, a
country club membership, and an insurance policy on the life
of petitioner. In addition, the court awarded the former wife

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as in
effect for the years in question.

one-third of the current quarterly payment of income to become due to petitioner from the testamentary trust created by Katherine Geddes Benedict, petitioner's deceased grandmother.

Petitioner was awarded the parties' remaining property. Included in his award were various real estate holdings outside of Texas and certain personal possessions. The court specifically noted that he was to receive two-thirds of the quarterly income payment from his grandmother's trust.

Finally, the court ordered that "In further settlement of the rights of [petitioner's former wife] in the community and separate property of the parties, the Court finds that [petitioner's former wife] is entitled to have and recover judgment against [petitioner] in the sum of $400.00 monthly for the remainder of her lifetime or until such time as she may remarry."

On appeal, petitioner contended that the Domestic Relations Court had improperly divided the marital property and that the court's order requiring petitioner to pay his former wife $400 per month was an impermissible award of alimony under Texas law. The Court of Civil Appeals of Texas rejected petitioner's arguments and affirmed the lower court's decision, but only after reforming the divorce decree as described *Infra. Benedict v. Benedict*, 542 S.W.2d 692 (Tex. Civ. App. Fort Worth 1976), error dismissed.[2]

Regarding the Domestic Relations Court's award of marital property, the Court of Civil Appeals stated that "With the $400.00 per month included we hold that there was a disproportionate award" of marital property by the court. However, the appellate court did not find this to have been error. Further commenting upon the division of property, the court noted that "the wife sought and obtained unequal division of the parties' property; allowance of such we hold authorized by equitable principles of law properly considered by the court in the property division. Among the elements the court was entitled to take into consideration were * * * the probable need for [her] future support." 542 S.W.2d at 697.

Next, the Court of Civil Appeals considered petitioner's argument that the Domestic Relations Court's award of $400

---

[2]Rehearing was denied by the Court of Civil Appeals on Nov. 5, 1976, and petitioner's appeal to the Supreme Court of Texas was dismissed in February 1977.

per month to petitioner's former wife an impermissible award of alimony. The appellate court stated:

Essentially the law is that the courts are not authorized to decree an award of permanent alimony for the support of the divorced wife because to do so would be to contradict the public policy of the state; however, an award is not alimony which is forbidden by law, where in the property settlement provisions of a divorce decree one of the parties is required to make payments to the other after the divorce and the payments are *referable to any property that either spouse may have owned or claimed at time of the decree* which is part of the existing property which the court apportions. [542 S.W.2d at 699; emphasis in the original.]

The court concluded that the judge below undoubtedly intended that the $400 per month should be paid from the income of the trust estate. The court stated that the $400 was "referable" to petitioner's interest in the trust, and reformed the lower court's judgment as follows:

The judgment is reformed by a qualification of certain language of the judgment by an addition of additional provision, to-wit: the provision thereof which presently reads, "In further settlement of the rights of Petitioner in the community and separate property of the parties, the Court finds that Petitioner is entitled to have and recover judgment against Respondent in the sum of $400.00 monthly for the remainder of her lifetime or until such time as she may remarry" is by this Court qualified by addition of the following: "The aforesaid monthly payment is ordered to be paid by Respondent Douglas Geddes Benedict to Petitioner Sammy Jane Benedict from the income of the existing trust estate of which said Respondent is beneficiary, and of which on October 9, 1975, the trustee was Mrs. Mary Graham, formerly Mrs. Robert L. Graham, as it is received." [542 S.W.2d at 700–701.][3]

Petitioner paid $500, $5,300, and $4,400 to his former wife in 1975, 1976, and 1977, respectively. Petitioner deducted these amounts as alimony on his income tax returns for those years.

Respondent argues that the payments made by petitioner to his former wife in 1975, 1976, and 1977 were part of a property division decreed by the State court in the divorce proceedings. Accordingly, respondent would deny petitioner's alimony deductions for the amounts paid. Petitioner contends that

---

[3]It is not entirely clear from the appellate court's opinion whether the $400 per month is intended to be in addition to or merely a part of the one-third share of the trust income allocated to the wife in an earlier part of the divorce decree, but we do not deem resolution of this question essential to our decision in the case before us.

despite the prohibition of alimony awards per se under Texas law, the payments made by him to his former wife constitute deductible alimony under section 215. For the reasons set forth below, we agree with petitioner.

Section 215 allows a deduction for amounts paid by a husband to his wife if the amounts are includable under section 71 in the wife's gross income. Section 71(a) includes in a wife's gross income periodic payments received in discharge of a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under a divorce decree or written instrument incident to the divorce. Neither party challenges the fact that the payments in question meet the threshold requirements of section 71(a) that the payments must be periodic and imposed or incurred under a divorce decree or written instrument incident to the divorce. See *Graham v. Commissioner*, T.C. Memo. 1981–692.

This case involves an issue often litigated in this forum: Whether payments mandated under a decree of divorce or marriage settlement agreement constitute alimony or payments in the nature of a property settlement. The issue arises in a rather perplexing setting, however, since it concerns court-ordered payments in a State which nominally does not permit an award of alimony as a matter of public policy. *Francis v. Francis*, 412 S.W.2d 29 (Tex. 1967).

When petitioner and his wife were divorced, petitioner was, and remains, the beneficiary of a spendthrift trust established by the will of his grandmother, Katherine Geddes Benedict. The Texas Court of Civil Appeals, in reviewing the judgment of the Domestic Relations court, concluded that the provision for future payments to the former wife would be prohibited alimony under Texas law if viewed as a personal obligation, but not if the provisions were considered to be an in rem adjudication, referable to property in existence at the time of the divorce.

In *Francis v. Francis*, *supra*, the Supreme Court of Texas observed (412 S.W.2d at 32–33):

Support payments ordered to be made after divorce from the income from the husband's property, although considered alimony in many jurisdictions, is not considered alimony in this State.

See also *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923); *In the Matter of the Marriage of Long*, 542 S.W.2d 712, 715 (Tex. Civ. App. Texarkana 1976), no writ.

The Court of Civil Appeals in petitioner's divorce case acknowledged that petitioner could not invade the principal of the trust of which he was beneficiary, and that he was entitled to an income interest only for life. 542 S.W.2d at 700. It went on to hold in effect that the right to receive income from that source in the future was a property interest which the divorce court could take into account in dividing the property of the parties. It concluded further that, taking into account the award to the wife of $400 per month for life or until she remarried, the "property division" disproportionately favored the wife, but it found no abuse of discretion because of, among other things, the wife's "probable need for future support" and the "loss of economic benefit of the marriage relation itself which would have probably been received had the marriage continued." 542 S.W.2d at 697.

This Court has consistently held that the labels attached to payments mandated by a decree of divorce or marriage settlement agreement are not controlling, and has considered a number of factors in deciding what those payments represent. See generally *Widmer v. Commissioner*, 75 T.C. 405, 409 (1980); *Schottenstein v. Commissioner*, 75 T.C. 451, 456 (1980); *Gammill v. Commissioner*, 73 T.C. 921, 928–929 (1980), affd. 710 F.2d 607 (10th Cir. 1982); *Hesse v. Commissioner*, 60 T.C. 685 (1973), affd. without published opinion 511 F.2d 1393 (3d Cir. 1975); *Mills v. Commissioner*, 54 T.C. 608, 618 (1970), affd. 442 F.2d 1149 (10th Cir. 1971); *Joslin v. Commissioner*, 52 T.C. 231, 236 (1969), affd. 424 F.2d 1223 (7th Cir. 1970).

The holding in those cases is, of course, an application of the rule of *Morgan v. Commissioner*, 309 U.S. 78 (1940), to tax controversies arising under section 71. In *Morgan*, the Supreme Court articulated the rule that State law creates the legal interests and rights of the parties, and the Federal revenue acts designate what interests or rights, so created, are to be taxed.

In *Beard v. Commissioner*, 77 T.C. 1275, 1284–1285 (1981), this Court enumerated some of the factors to be considered in determining the true character of the payments:

(1) That the parties in their agreement (or the court in its decree) intended the payments to effect a division of their assets; (2) that the recipient surrendered valuable property rights in exchange for the payments; (3) that the payments are fixed in amount and not subject to contingencies, such as the death or remarriage of the recipient; (4) that the payments are secured; (5) that the amount of the payments plus the other property awarded to the recipient equals approximately one-half of the property accumulated by the parties during marriage; (6) that the need of the recipient was not taken into consideration in determining the amount of the payments; and (7) that a separate provision for support was provided elsewhere in the decree or agreement. [Citations omitted.]

Viewed in the light of the foregoing factors, the payments in this case have predominately the characteristics of alimony: They are subject to contingencies; they are unsecured; their value plus other property awarded the wife substantially exceeds one-half the property accumulated by the parties during marriage; the appellate court adverted in its opinion to the need of the wife for future support; there was no provision for support (other than child support) elsewhere in the decree; and the wife surrendered no valuable property rights in exchange for the payments.

The issue then, simply put, is whether the payments fail to qualify as alimony since they are not so labeled by the Texas courts which ordered and approved them. Stated another way, are the payments in question any less alimony because they are directed to be made from petitioner's future income from a specific source?

The Court of Civil Appeals evidently felt it was following *Francis v. Francis, supra,* and *Hedtke v. Hedtke, supra.* Among other things, *Hedtke v. Hedtke,* 248 S.W.2d at 22, held that a divorce court in Texas may:

award all of the personal property to either spouse, and may subject the income, rents, or revenues of all real estate, belonging to either or both of the spouses, to the support of either or both of them, or to the education and support of the children.

Taken together with the reasoning of *Francis v. Francis, supra,* that support payments required to be made after divorce from the husband's property are not considered to be alimony in Texas, although considered such in many jurisdictions, the payments in question should not be denied classification as alimony for tax purposes just because the Texas courts

cannot label them as such. *Hedtke* and *Francis* teach that it is permissible in certain circumstances to order future payments for support of one party in Texas, and the Court of Civil Appeals opinion in petitioner's case can be fairly read to mean that the payments in question are intended for support.

The facts in this case bear a striking similarity to those in *Taylor v. Campbell*, 335 F.2d 841 (5th Cir. 1964), decided by the Circuit Court to which an appeal in this case would lie. While *Taylor v. Campbell, supra,* involved periodic payments under a separation agreement, whereas the case before us involves payments under a court decree, section 71(a) equates the two insofar as income tax treatment of periodic payments is concerned. In *Taylor* and in the case before us, the payments were nominally part of a property settlement under Texas law, but in reality were for support.

The Circuit Court in *Taylor* made the following observation which is very pertinent to the case before us:

The source of an otherwise deductible payment will not affect its deductibility, since payments may be from property in trust or may be made directly or indirectly from the husband's income or capital. It is, therefore, clear that payments may be made out of property on hand and in that sense termed a property division and still be alimony within the meaning of Sec. 71, if their purpose is that of support." [335 F.2d at 844–845; fn. ref. omitted.]

We think that the Texas Domestic Relations Court and the Court of Civil Appeals both considered the payments to petitioner's former wife to be essentially for support, notwithstanding the fact that they were to come from the testamentary trust and were, as in *Taylor v. Campbell, supra,* labeled as being part of the property settlement. See also *Phinney v. Mauk,* 411 F.2d 1196 (5th Cir. 1969). As such, the payments qualify as alimony under section 71(a) and are deductible by petitioner under section 215, and we so hold.

To reflect the foregoing and certain concessions on other issues,

*Decision will be entered under Rule 155.*