T.C. Summary Opinion 2003-167

UNITED STATES TAX COURT

CHARLES W. AND NANCY T. SMITH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15754-02S.               Filed December 17, 2003.

Charles W. and Nancy T. Smith, pro se.

<u>Susan Smith Canavello</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $7,146 in petitioners' Federal income tax for 2000.

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.

The sole issue for decision is whether a payment of $32,000 by Charles W. Smith (petitioner) to his former wife during 2000 constitutes alimony or a separate maintenance payment deductible as an adjustment to gross income under section 215(a). That issue is resolved by whether the $32,000 payment satisfies the definition of "alimony or separate maintenance payment" under section 71(b)(1)(D).[2]

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioners were legal residents of Auburndale, Florida.

Petitioner was formerly married to Sheila Doreen Wells from May 20, 1978, until their divorce on April 25, 2000. They had two children of their marriage: Dawn Majetta Smith and Jeremy Wiley Smith.

At the time of their divorce, petitioner and his former wife entered into a marital settlement agreement dated April 25, 2000. That agreement was incorporated into the divorce decree of the same date, entitled Final Judgment of Dissolution of Marriage (the divorce decree). Petitioner and his former wife were residents of Florida and were divorced by a Florida State court.

---

[2] Other adjustments in the notice of deficiency, the disallowance of a child care credit and a decrease in itemized deductions are computational and will be resolved by the Court's holding on the principal issue.

The settlement agreement and the divorce decree contained numerous provisions wherein petitioner and his former wife agreed to the custody and sharing of parental responsibility of their two children; however, no child support was required of either party. The agreement and the divorce decree also contained several provisions with respect to the division of their property and liability for marital debts. None of those provisions, however, affect the issue in this case. At issue are two provisions in the settlement agreement and the divorce decree relating to a $32,000 payment by petitioner to his former spouse that petitioners contend constituted alimony and, therefore, is a deductible adjustment to their gross income. The two provisions (in both the marital settlement agreement and the divorce decree) are as follows:

> 16. PENSION/RETIREMENT. Both parties agree that the Husband shall pay to the Wife one-half (½) of the Husband's current 401K Plan which as of October 1, 1999, had a balance of $150,000.00. Accordingly, the Wife shall receive $75,000.00, plus an additional $32,000.00 representing lump-sum alimony, for a total amount due the Wife from the Husband's 401K of $107,000.00. The Husband shall retain the remainder of his 401K account.

>    *       *       *       *       *       *       *

> 19. ALIMONY. The Husband agrees to pay the Wife as lump-sum alimony, the amount of $32,000.00 payable from his 401K as delineated above in paragraph 16.

Petitioner paid the $32,000 to his former spouse during 2000. On their joint Federal income tax return for 2000, petitioners claimed a deduction for the $32,000 lump-sum alimony payment. In the notice of deficiency, respondent disallowed the deduction on the ground that the $32,000 payment was not alimony under section 71(b)(1)(D).

For tax purposes, the term "alimony or separate maintenance payment" is defined in section 71(b)(1) as any payment in cash meeting the following four criteria:

>        (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
>
>        (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,
>
>        (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and
>
>        (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Petitioner's deduction for alimony is allowable only if the four criteria of section 71(b)(1) are met. Jaffe v. Commissioner, T.C. Memo. 1999-196. Respondent agrees that the requisites of section 71(b)(1)(A), (B), and (C) have been met, but argues that

the requirement of section 71(b)(1)(D) has not been satisfied because the settlement agreement and the divorce decree are silent with respect to the obligation of petitioner to pay the $32,000 in the event of the prior death of his former spouse. Respondent further argues that, under Florida law, petitioner's obligation to make the $32,000 payment would have continued in the event of the prior death of petitioner's former spouse; therefore, under the facts and the State law of Florida, the payment does not satisfy section 71(b)(1)(D). Petitioners contend that, under Florida law, the prior death of the former spouse would have terminated petitioner's obligation to pay the $32,000; therefore, section 71(b)(1)(D) was satisfied.[3]

As noted above, the settlement agreement and the divorce decree are silent with respect to petitioner's obligation to pay the $32,000 in the event his former spouse died before the payment was made. Section 71(b)(1)(D) requires, as a condition to qualify as alimony, that the obligation to pay terminates upon the death of the former spouse. If the payer is liable for even one otherwise qualifying payment after the recipient's death, none of the related payments required before death will be alimony. Sec. 1.71-1T(b), Q&A-13, Temporary Income Tax Regs., 49

---

[3] Respondent does not contend that the $32,000 represented a division of property between petitioner and his former spouse, in which event, the payment would not constitute alimony.

Fed. Reg. 34456 (Aug. 31, 1984). Whether such obligation exists may be determined by the terms of the applicable instrument, or if the instrument is silent on the matter, by looking to State law. Morgan v. Commissioner, 309 U.S. 78, 80 (1940); Gilbert v. Commissioner, T.C. Memo. 2003-92; Kean v. Commissioner, T.C. Memo. 2003-163.

The Court agrees with respondent that the $32,000 payment at issue is not alimony under section 71(b)(1)(D) because, under Florida law, petitioner's obligation to make the payment would have continued if his former spouse died prior to payment of the $32,000. In Canakaris v. Canakaris, 382 So.2d 1197, 1200 (Fla. 1980), the Florida Supreme Court stated:

> Although the award of lump sum alimony is not dependent upon a finding of a prior vested right, there does arise upon the entry of a final judgment of a lump sum award a vested right which is neither terminable upon a spouse's remarriage or death nor subject to modification. It may consist of real or personal property, or may be a monetary award payable in installments. Jurisdiction may be expressly retained, however, to terminate lump sum alimony installment payments upon a spouse's remarriage or death when the parties agree to such a provision in a property settlement agreement. Further, jurisdiction may be retained to enter periodic alimony if found necessary after such termination of lump sum alimony installment payments. * * *

Not only did the separation agreement and the divorce decree fail to provide that petitioner's obligation for payment of the $32,000 would cease upon the prior death of his former wife, there were also no reservations in either of the documents that

would have allowed the parties thereafter to incorporate such a condition upon petitioner's liability for the $32,000. The fact that the $32,000 payment is described in the agreements between petitioner and his former spouse as "alimony" is not controlling for Federal income tax purposes as this Court has held in Benedict v. Commissioner, 82 T.C. 573, 577 (1984), that labels used by taxpayers in an instrument are not controlling.

At trial, petitioner acknowledged that, in negotiations with his former wife leading up to the separation agreement, his former wife sought alimony of $500 per month "until she died". Petitioner rejected that offer and instead offered to pay her the lump sum of $32,000. His offer was accepted, and that obligation was incorporated in the settlement agreement. The Court is satisfied from this testimony that it was not intended that, upon the death of the former spouse, petitioner would have been relieved of the obligation of paying the $32,000. Since payment of the $32,000 was an enforceable obligation upon petitioner, and that obligation would not have been extinguished by the prior death of petitioner's former spouse, it follows that the $32,000 obligation is not alimony under section 71(b)(1)(D). Respondent is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered
for respondent.